**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LANCASTER COUNTY SCHOOL
DISTRICT, a political subdivision of
the State of South Carolina,
Plaintiff-Appellant,

No. 96-1796

v.

SOUTHEAST SERVICE CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-95-1793-3-17)

Argued: June 4, 1997

Decided: August 11, 1997

Before RUSSELL and NIEMEYER, Circuit Judges, and
TILLEY, United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Melvin Brice McKeown, Jr., MCKEOWN LAW FIRM,
York, South Carolina, for Appellant. Karl Stephen Brehmer, BROWN
& WOODS, Columbia, South Carolina, for Appellee. **ON BRIEF:**
Donna Seegars Givens, BROWN & WOODS, Columbia, South Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lancaster County School District in South Carolina engaged Southeast Service Corporation to provide the School District janitorial services at its schools. The School District alleges that on November 26, 1992, an employee of Southeast Service at the Barr Street Junior High School negligently placed a hot, propane powered floor polishing machine into a janitorial closet that was full of combustible materials, causing a fire and approximately $800,000 in property damage. The School District was insured by the South Carolina Insurance Reserve Fund which paid the loss. As subrogee, the Insurance Reserve Fund now seeks reimbursement of the loss from Southeast Service based on its employee's negligence.

Paragraph 11 of the janitorial services contract between the School District and Southeast Service reads:

> Waiver of Subrogation: The Contractor and Lancaster County School District mutually agree to waive their rights for loss or damage to each respective party's building, equipment, improvement, or other property whatsoever because of fire, explosion, or any other cause normally covered in standard form fire and casualty insurance policies with extended endorsements. Each party has the responsibility to adequately insure its real and/or personal property against loss or damages caused by fire, theft, or other disaster.

Relying on this provision, Southeast Service filed a motion for summary judgment claiming that paragraph 11 was clear and unambiguous and that, under the provision, the parties waived their rights against each other for property damage caused by fire. The district court granted the motion for summary judgment and entered judgment in favor of Southeast Service. This appeal followed.

2

We have considered the arguments of counsel and reviewed the record in this case. For the reasons amply stated by the district court in its opinion entering summary judgment, we affirm. <u>See Lancaster County School District v. Southeast Service Corp.</u>, No. 3:95-1793-17 (D.S.C. May 7, 1996).

<u>AFFIRMED</u>

3